IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) Criminal Action No. 2:10-00113-KD-C |
| | ) |
| TERRY McGUFFIE, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This action is before the Court on Defendant Terry McGuffie's letter which the Court construes as a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (doc. 54),[1] McGuffie's medical records (doc. 54-1) and request to the Warden (doc. 58), the United States' response (doc. 59) and McGuffie's medical records (under seal) (doc. 61), and McGuffie's reply (doc. 63), letters in support (doc. 64) and his supplement (doc. 65). Upon consideration, and for the reasons set forth herein, the motion for compassionate release is denied.

I.   Background

McGuffie pled guilty and was sentenced November 12, 2010 to 63 months for Hobbs Act robbery and 120 months, consecutive, for brandishing a firearm during a crime of violence, for a total of 183 months.  He is presently incarcerated at FCI Jesup in Jesup, Georgia.  His release date is April 22, 2031.[2] McGuffie is now 45 years old.

---

[1] Daniele v. United States, 740 Fed. Appx. 973, 977 (11th Cir. 2018) ("… we have held that pro se 'pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'") (quoting Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)).

[2] After McGuffie was sentenced in this Court, he was returned to the State of Alabama to serve his state sentence. He was transferred to the custody of the Bureau of Prisons upon release.

II.     Procedural requirements

Before Section 603(b) of the First Step Act of 2018 was enacted, the district court could grant a motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A), the compassionate release provision, only if the Director of the Bureau of Prisons filed the motion.  Now, in relevant part, the statute, as amended by the First Step Act of 2018, provides that "the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment…". 18 U.S.C. § 3582(c)(1)(A)(i); First Step Act of 2018, Pub. L. 115-391, § 603(b), 132 Stat. 5194, 5239.

The United States agrees that McGuffie's motion is properly before the Court because more than 30 days lapsed between his request to the Warden and filing his motion (doc. 59, p. 9). McGuffie provides a copy of his request to the Warden, which is dated October 7, 2020 (doc. 58, p. 2). His motion is dated October 12, 2020 and was docketed on October 20, 2020 (doc. 54). Thus, his motion was filed within the 30-day period.

Although McGuffie did not strictly adhere to the statute, but instead filed his motion before the requisite time period passed, see 18 U.S.C. § 3582(c)(1)(A), in this procedural posture, the Court sees no reason to dismiss the motion without prejudice.  See United States v. Skaff, 2020 WL 3490074, at *1 (S.D.W. Va. June 25, 2020) ("Although Mr. Skaff petitioned the court on June 4, 2020, before 30 days had passed since the Warden's receipt, I find it would be a waste of judicial resources to have Mr. Skaff refile the motion now that 30 days have elapsed since the Warden's receipt of the compassionate release request."); United States v. Blake, No. 15-CR-80018, 2020 WL 4677309, at *4 (S.D. Fla. Aug. 12, 2020) (same).

Moreover, the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A) "is a claim-processing rule [a]nd whether it is mandatory or not" the United States did not argue that McGuffie forfeited his right to move the Court for compassionate release by failing to wait 30 days before filing his motion. United States v. Harris, 989 F. 3d 908 (11th Cir. 2021).

III. Compassionate release

Once a sentence is imposed, the "authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010); United States v. Shaw, 711 Fed. Appx. 552, 554-55 (11th Cir. 2017) (same). Specifically, the "court may not modify a term of imprisonment once it has been imposed except" as set out in 18 U.S.C. § 3582(c). See United States v. Pubien, 805 Fed. Appx. 727, 730, (11th Cir. Feb. 25, 2020) (quoting 18 U.S.C. § 3582(c)).

The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A)(i) provides that the Court "may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the [applicable] factors set forth in 18 U.S.C. § 3553(a)", if the Court finds that "extraordinary and compelling reasons warrant such a reduction" and the reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The applicable Policy Statement, U.S.S.G. § 1B1.13, has not been amended since the enactment of the First Step Act. Therefore, the Sentencing Commission has not set out the policy to apply when inmates file the motion. Instead, the Policy Statement sets out the policy to apply "[u]pon motion of the Director of the Bureau of Prisons". Id.

However, the Court of Appeals for the Eleventh Circuit recently stated that

>We've not yet held in a published opinion whether § 1B1.13, which on its face applies only to motions for compassionate release filed by the BOP and has not been amended following the First Step Act, constrains district courts in considering compassionate release motions filed by prisoners themselves. However, we've held that the district court's consideration of the policy statements in § 1B1.13 was not an abuse of discretion.

United States v. Granda, - - - Fed. Appx. - - -, 2021 WL 1246252, at *1 (11th Cir. Apr. 5, 2021) (citing United States v. Harris, 989 F. 3d 908, 2021 WL 745262, *3 & n.2 (11th Cir. Mar. 2, 2021).

The Eleventh Circuit further states that

>Section 3582(c)(1)(A) still requires any reduction to be consistent with the sentencing commission's applicable policy statements.  The policy statements applicable to § 3582(c)(1)(A) are found in U.S.S.G. § 1B1.13, and provide that the court may reduce a term of imprisonment "if, after considering the factors set forth in 18 U.S.C. § 3553(a),[1] to the extent that they are applicable," it finds, in relevant part, that extraordinary and compelling reasons warrant the reduction. The court must determine that the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g), before it can determine whether extraordinary and compelling reasons exist. U.S.S.G. § 1B1.13; id., comment. (n.1).  In determining whether an individual is a danger to others, the court can consider: (1) the offenses' nature and circumstances; (2) the weight of the evidence against the person; (3) the person's history and characteristics; (4) the nature and seriousness of the danger to any person of the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

>>1. The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to  avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

United States v. Granda, 2021 WL 1246252, at *1 (underlining in original).

McGuffie moves for compassionate release based on the presence of Covid 19 at FCI Jesup and his "high risk medical conditions" which place him at greater risk of severe illness or death should he contract Covid 19. McGuffie argues that inmates cannot practice social distancing and therefore, have a higher chance of contracting Covid 19 than the general population. He also points out that a new, more dangerous variant of Covid 9 has appeared in south Georgia where FCI Jesup is located.  McGuffie has a history of sarcoidosis, vision loss in his right eye diagnosed as "unspecified glaucoma", hypertension, stage 3 chronic kidney disease, prostate issues, back pain, and a Body Mass Index of 29 (doc. 54, doc. 63).

The United States "agrees that during the Covid 19 pandemic, McGuffie is eligible for compassionate release consideration" (doc. 59, p. 9). The United States points to the Center for Disease Control and Prevention's  advice "that people with chronic kidney disease, at any stage, are at an increased risk for severe illness if they contract Covid-19. (Id., citing https://www.cdc.gov/coronavirus/2019-ncov/need-extra-recautions/people-with-medical-conditions.html  (last updated Feb 2, 2021)).

However, the United States argues that the Motion should be denied because the 18 U.S.C. § 3553(a) factors do not weigh in McGuffie's favor.  Specifically,

> He had a prior conviction for armed robbery, and completed his term of probation in that case less than a year before his conduct in this case. [PSR at 9.] His most recent crime was a reprise of his earlier conduct: he used a gun to steal and then leading the police on a dangerous chase. [Doc. No. 40 at 10–13.] He increased the danger in this case by actually using his gun, firing it at the officers pursuing him. [Id.] In view of his criminal history and his most recent conduct, McGuffie remains a danger to the community and his current sentence is fair, appropriate, and necessary to deter crime, and to protect the community. 18 U.S.C. § 3553(a). It should not be modified.

(Doc. 59, p. 10).

McGuffie argues that his risk of recidivism is low based on his age and substantial efforts to rehabilitate himself, including cessation of drug use. He points out his clear conduct record with no write-ups or disciplinary incident reports. McGuffie also points out that he has worked in Unicor for three years and has an outstanding performance record (doc. 54; doc. 63, p. 2).

McGuffie's rehabilitation and prison record is commendable. However, the Court has considered his history and characteristics and finds that this factor does not weigh in favor of a reduction in sentence. 18 U.S.C. § 3553(a). Specifically, in 1998, McGuffie robbed three victims at gunpoint, took their cash and vehicle. During the police pursuit, he fired at least four rounds in the direction of the officers, striking their vehicles. McGuffie was convicted of armed robbery, felony possession of a firearm, and fleeing police. McGuffie served his sentence until March 2007 and his parole ended in March 2009. (Doc. 45, Presentence Investigation Report). Also, at the time of his arrest in 2010, McGuffie had charges pending in Plymouth, Michigan, for breaking and entering a vehicle and charges pending in Hale County, Alabama which were related to the instant offense (Id.).

The Court has also considered the nature and circumstances of McGuffie's current offense and finds that this factor does not weigh in favor of a sentence reduced to time served. 18 U.S.C. § 3553(a)(1). McGuffie placed a handgun to the head of a sandwich shop employee and demanded money. While holding the gun to her head, he walked her to the portable safe. He then ordered her to lie face down on the floor and fled with the safe in her vehicle. The employee called police who then spotted her car with McGuffie driving, activated their blue lights behind him, but he sped away at speeds exceeding 100 mph before stopping. He jumped out of the car, fled into the woods, and fired at the officers. No one was injured. McGuffie eventually turned himself in to the local police department. (Doc. 40, Factual Resume) In this

circumstance, where McGuffie again robbed a person at gunpoint and fled from the police, early release would not meet the need for the sentence imposed to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense", or to adequately deter criminal conduct and "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(A), (B), & (C). Accordingly, McGuffie's motion for compassionate release is denied.

    DONE and ORDERED this 16th day of April 2021.

                                            s / Kristi K. DuBose
                                            KRISTI K. DuBOSE
                                            CHIEF UNITED STATES DISTRICT JUDGE