IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) Criminal Action No. 2:10-00113-KD-C |
| | ) |
| TERRY J. McGUFFIE, | ) |
| | ) |
| Defendant. | ) |

### ORDER

This action is before the Court on Defendant Terry McGuffie's documents which the Court construes as a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (docs. 69, 70)[1] and documents in support (doc. 69-1). Upon consideration, and for the reasons set forth herein, the motion for compassionate release is denied.

I.  Background

McGuffie pled guilty to the offense of Hobbs Act robbery and possession of a firearm during a crime of violence (docs. 40, 41). On November 12, 2010, he was sentenced to 63 months for the robbery and 120 months, consecutive, for the firearm offense, for a total of 183 months (doc. 48). After McGuffie was sentenced in this Court, he was returned to the State of Alabama to serve his state sentence. He was transferred to the custody of the Bureau of Prisons upon release. He is presently incarcerated at FCI Jesup in Jesup, Georgia. His release date is April 21, 2031. McGuffie is now 49 years old.

---

[1] Daniele v. United States, 740 Fed. Appx. 973, 977 (11th Cir. 2018) ("… we have held that pro se 'pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'") (quoting Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)).

II. Procedural requirements

Pursuant to 18 U.S.C. § 3582(c)(1)(A), defendants must either exhaust their administrative rights to appeal the Bureau of Prison's failure to bring a motion on their behalf or allow 30 days to lapse from the Warden's receipt of defendant's request for such relief. McGuffie meets the procedural requirements. His "Inmate Request to Staff" is dated August 6, 2024 (doc. 69, p. 1). He filed this action on September 26, 2024 (doc. 69). Thus, more than 30 days lapsed before the filing. Also, his request to the Warden was denied September 16, 2024 (doc. 69, p. 2).

III. Modification of sentence

"A district court has no inherent authority to modify a defendant's sentence; it may do so 'only when authorized by a statute or rule.'" United States v. Ratliff, No. 24-10752, 2024 WL 4371658, at *3 (11th Cir. Oct. 2, 2024) (quoting United States v. Puentes, 803 F.3d 597, 605–06 (11th Cir. 2015). Title 18 U.S.C. § 3582(c)(1)(A)[2] "authorizes a district court to reduce a term of imprisonment when three requirements are satisfied: (1) there are 'extraordinary and compelling reasons' for granting a sentence reduction; (2) 'the § 3553(a) sentencing factors favor' a reduction; and (3) awarding a sentence reduction 'wouldn't endanger any person or the community'." Id. (quoting United States v. Tinker, 14 F.4th 1234, 1237 (11th Cir. 2021). Also, the statute requires that any reduction must be "consistent with applicable policy statements issued by the Sentencing Commission" 18 U.S.C. § 3582(c)(1)(A). "If the district court finds that a movant failed to satisfy even one of these requirements, it cannot grant relief and need not

---

[2] Not relevant in this action, the statute also provides for a reduction of sentence for defendants who are at least 70 years old and have served at least 30 years in prison "pursuant to a sentence imposed under section 3559(c)" and certain other conditions are met. 18 U.S.C. § 3582(c)(1)(A)(ii).

2

analyze the remaining requirements." Ratliff, 2024 WL 4372658 at *3 (citing United States v. Giron, 15 F.4th 1343, 1347–48 (11th Cir. 2021).

    A. Extraordinary and compelling reasons

McGuffie argues that the "deteriorating and harsh conditions within the Bureau of Prisons during the Covid 19 pandemic lockdowns and after Covid-19 lockdowns, including the lack of providing proper health & medical chronic care treatments to address [his] multiple health conditions constitute an extraordinary and compelling reason warranting compassionate release" (doc. 69, p. 6). McGuffie argues that his "multiple health conditions including chronic obstructive pulmonary disease (COPD), hypertension, hyperlipidemia (HL), glaucoma, and an enlarged prostate" along with "serious kidney complications, which is most likely a renal cyst" place him at a heightened risk of illness or death should he contract the Covid 19 virus (Id.). McGuffie also argues that his exceptional post-sentencing rehabilitation, his consistent employment with UNICOR,[3] the relevant factors in 18 U.S.C. § 3553(a), and the absence of danger to any person or the community should he be released, weigh in favor of a reduction in sentence to time served.

As previously stated, any reduction must be consistent with the applicable policy statement. 18 U.S.C. § 3582(c)(1)(A). The applicable Policy Statement, U.S.S.G. 1B1.13(b)(1)(C), provides that if the "defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the

---

[3] McGuffie submits a series of work performance evaluations which show consistent average or above average evaluations. In March 2024, McGuffie scored 5 of 5 on all categories. His supervisor wrote "Inmate McGuffie is great at managing his workload. He is a hard worker and is always going above and beyond" (doc. 69-1, p. 5).

3

defendant is at risk of serious deterioration in health or death" then an extraordinary and compelling reason exists.

Although McGuffie argues generally that "deteriorating and harsh conditions"[4] exist in prison after Covid 19, he argues specifically that a lack of proper medical care is the basis for his motion for reduction of sentence. However, McGuffie's medical records indicate that his medical conditions are stable and that he is scheduled for additional treatment for his chronic kidney disease (doc. 69-1).

In January 2024, he was seen in the Chronic Care Clinic (Id., p. 16). The assessment notes show that his COPD and enlarged prostate appeared "clinically stable", his hypertension was "well-controlled on current regimen", his hyperlipemia was "much improved", and his glaucoma appeared "clinically stable" (Id., p. 19, 21).

The assessment notes also indicate "Chronic kidney disease, unspecified, N189 – Current – 1-11-24; crea continues to creep upwards; hold HCTZ,[5] stop coffee, check [ultrasound]; nephro[logy follow up]" (Id., p. 19). In February 2024, he received a thyroid scan and a renal or kidney ultrasound (Id., p. 10-11). The ultrasound results indicated that McGuffie has two "small right simple renal cysts" in his right kidney and that "increased renal echogenicity is concerning for medical renal disease" (Id.., p. 11). The "interpreting physician['s]" "indication" was "CKD stage 3a" (Id.).[6] The "target date" for a nephrology consult was "5/31/2024" (Id., p. 34).

---

[4] McGuffie cites to news reports that the Bureau of Prisons is not providing adequate care for inmates with medical conditions (doc. 69. p. 8).

[5] HCTZ is the acronym for hydrochlorothiazide, a blood pressure medication (doc. 69-1, p. 33).

[6] According to the National Kidney Foundation, "Stage 3a CKD means you have a mild to moderate loss of kidney function. … Another way to think about these numbers is your kidneys are working at 45-59% of what the average two health kidneys in a young person can do."

McGuffie's medical records were docketed in September 2024, but there are no records of the result of the requested nephrology consult. The most recent records were for examinations in March 2024, when McGuffie complained of a squeaky voice (Id., p. 14-15).

McGuffie also argues that he is at heightened risk of serious illness or death if he contracts Covid 19 (doc. 69. p. 6-7). The applicable Policy Statement states that an extraordinary and compelling reasons for a reduction of sentence exists if the

> (D) The defendant presents the following circumstances—
>
> (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
>
> (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
>
> (iii) such risk cannot be adequately mitigated in a timely manner.

U.S.S.G. § 1B1.13(b)(1)(D).

However, at present, the Bureau of Prisons has not reported any cases of Covid 19 at FCI Jesup. https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp. (last reviewed November 8, 2024). And the public health emergency based upon Covid 19 ended May 11, 2023.

For the reason set forth herein, the Court finds that McGuffie has failed to show an extraordinary and compelling reason for a reduction of sentence. Accordingly, McGuffie's motion is denied for failure to show an extraordinary and compelling reason for a reduction of

---

https://www.kidney.org/kidney-topics/stage-3a-chronic-kidney-disease-ckd. (last reviewed

sentence, and the Court need not address the remaining two requirements. See <u>United States v. Giron</u>, 15 F.4th 1343, 1347 (11th Cir. 2021) ("When denying a request for compassionate release, a district court need not analyze the § 3553(a) factors if it finds either that no extraordinary and compelling reason exists or that the defendant is a danger to the public.").

DONE and ORDERED this 13th day of November 2024.

<u>s / Kristi K. DuBose</u><br>
KRISTI K. DuBOSE<br>
UNITED STATES DISTRICT JUDGE

November 8, 2024).

6